THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kandra Amboh, <br><br>          Plaintiff, <br> v. <br><br> Nicholas Haney, et al., <br><br>          Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:24-cv-868 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff, Kandra Amboh, who is proceeding pro se,[1] filed a Writ of Habeas Corpus and Petition for Declaratory Judgement against Defendants. Plaintiff asks this court to issue a Writ of Habeas Corpus "Ordering the return of her Shoshone boy's, who Plaintiff Amboh alleged [are] being illegally detained."[2] Defendants seek dismissal asserting a habeas corpus petition does not apply and the action is barred by Plaintiff's failure to exhaust state remedies. Moreover, contrary to Ms. Amboh's assertions, there is nothing requiring a declaratory judgment under the Indian Civil Rights Act or the Indian Child Welfare Act. Having considered the parties' respective memoranda and relevant law, the undersigned recommends this matter be dismissed.[3]

## BACKGROUND

Plaintiff Kandra Amboh is an enrolled member of the Eastern Shoshone Indian Tribe of the Wind River Reservation in Wyoming. Plaintiff seeks the return of two American Indian

---

[1] Because Ms. Amboh is proceeding pro se the court construes her pleading broadly and reviews them under a less stringent standard than that normally afforded to attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.")

[2] Writ of Habeas Corpus and Petition for Declaratory Judgment at 2, ECF No. 1.

[3] This case is pending consent of the parties to the jurisdiction of the undersigned. According to the Local Rules, "[u]ntil all relevant parties consent, a magistrate judge's assignment as presiding judge is a referral from the Chief Judge under 28 U.S.C. § 636(b)(1)(B)." DUCivR 72-3(f) (2024).

children to her custody and moves for a Writ of Habeas Corpus from this court ordering their

return.[4] Ms. Amboh asserts the children are being illegally detained. Plaintiff also seeks a

declaratory judgment finding the Utah State Courts have no jurisdiction under the Indian Civil

Rights Act[5] and the Indian Child Welfare Act.[6] Instead, Plaintiff argues jurisdiction lies

exclusively with the "Sovereign Shoshone of the Eastern Band Tribe."[7]

In addition to Plaintiff's facts set forth in her Writ of Habeas Corpus and Petition for

Declaratory Judgment the court also notes the following facts set forth in Defendants' Answer.

Before doing so, however, the court notes that "[g]enerally, the sufficiency of a complaint must

rest on its contents alone."[8] Thus, "[w]hen a party presents matters outside of the pleadings for

consideration ... 'the court must either exclude the material or treat the motion as one for

summary judgment.'"[9] Certain exceptions exist, and the court may consider: (1) documents

attached to the complaint as exhibits; (2) documents referenced in the complaint that are central

to the plaintiff's claims if the parties do not dispute the documents' authenticity; and (3) matters

of which the court may take judicial notice.[10]

Here, Defendants present additional facts that Plaintiff fails to present. These facts

involve the underlying state court action from which this case arises. Defendants' background is

supported by Defendants' exhibits. These exhibits include copies of official court documents and

---

[4] Based on the facts set forth in Plaintiff's Application, Ms. Amboh is the mother of the children mentioned in the application.

[5] 25 U.S.C. §§ 1301-1304.

[6] 25 U.S.C. §§ 1901 et seq.

[7] Writ of Habeas Corpus and Petition for Declaratory Judgment at 4.

[8] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[9] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004)).

[10] *Gee*, 627 F.3d at 1186.

dockets from the underlying state court proceedings. The court takes judicial notice of these

proceedings and notes the following additional background to the current dispute.[11]

This matter arises from an underlying case in the Eighth District Juvenile Court for the

State of Utah. Defendant Nicolas Haney, the father of the children at the center of this case, filed

a verified petition for ex parte child protective order. Judge Jeffry Ross, a named Defendant here,

issued the ex parte child protective order and conducted hearings related to Mr. Haney's petition.

This included holding a conference with a judge from the Tribal Court after Ms. Amboh filed a

Motion to Dismiss and Transfer that case to the Tribal Court. The Wind River Tribal Court

declined transfer and after an evidentiary hearing, Judge Ross entered a child protective order.

Ms. Haney and Defendant Nicolas Haney have a pending divorce matter also in state court.

Defendants Erin Rawlings and Jeffery Ross filed an "Answer" to Plaintiff's Writ of

Habeas Corpus and Petition for Declaratory Judgement. The court construes the Answer as a

Motion to Dismiss based on two reasons. First, Defendants assert Plaintiff's requested relief

should be denied arguing the writ of habeas corpus petition does not apply, the action is barred

by Plaintiff's failure to exhaust state remedies, and there is no relevant question for a declaratory

judgment. Second, Plaintiff responds to Defendants' "Answer" arguing Defendants' "motion to

dismiss for lack of jurisdiction" should be denied and the court should overrule Defendants'

Answer.[12] Defendant Nicholas Haney has yet to file an Answer, and a default certificate has been

entered against him.

---

[11] *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

[12] Amboh's Notice of Motion of Objection to Defendant's Motion to Dismiss for Lack of Jurisdiction at 1, ECF No. 15.

**STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[13] The party seeking to invoke federal jurisdiction bears the burden of establishing it, and if that party fails to meet its burden, the court "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[14] "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[15] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation."[16]

Under the Federal Rules to survive a motion to dismiss a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."[17] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that they defendant is liable for the misconduct alleged."[18]

In evaluating the sufficiency of a complaint's allegations under the "Twombly/Iqbal pleading standard" the court undertakes a "two-prong approach."[19] Under the first prong, the court determines which allegations are not entitled to the assumption of truth and includes "legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere

---

[13] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal quotation marks omitted).

[14] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

[15] *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3).

[16] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[19] *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (citation omitted).

conclusory statements."[20] The second prong requires the court to assume the truth of the well-pleaded factual allegations and determine whether they state a plausible claim for relief.[21]

## DISCUSSION

In considering the memoranda from the parties and the record before the court, the undersigned finds multiple fatal flaws with Plaintiff's case. First, in construing Plaintiffs' pleadings broadly because she is proceeding pro se, it appears Plaintiff is seeking a decision from this court overruling the state court proceedings. Generally, the Rooker–Feldman doctrine precludes lower federal courts "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."[22] The Supreme Court clarified the narrow scope of the Rooker–Feldman doctrine, stating that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[23]

Here, Plaintiff was the "loser" when the state court issued a child protective order and she did not retain custody of her children. Ms. Amboh seeks to overturn that order, which is something this court cannot do under the Rooker-Feldman doctrine. Thus, contrary to Plaintiff's assertions, this court does not have jurisdiction.

Next, the court finds Defendants' arguments persuasive. Under the Indian Civil Rights Act "the privilege of the writ of habeas corpus shall be available to any person, in a court of the

---

[20] *Id*. (citation omitted).

[21] *See id.* (citation omitted).

[22] *Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir.2006) (quotations omitted).

[23] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

United States, to test the legality of his detention by order of an Indian tribe."[24] An application for writ of habeas corpus is available to any person "in custody pursuant to the judgment of a State court" and "shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State."[25]

Here, Ms. Amboh has not been detained by order of an Indian tribe nor is she in custody based on a state court judgment. Rather, her children were removed from one parent (Ms. Amboh) and placed with the other parent (the children's father). Further, there is no record that Ms. Amboh appealed the state court decisions exhausting her remedies available in state court. Thus, a habeas petition is improper.

Finally, Plaintiff's request for a declaratory judgment suffers a similar demise. The Indian Child Welfare Act provides for the emergency removal of an Indian child to prevent imminent physical damage or harm to the child. It allows the involvement of a "State authority, official, or agency" to achieve this goal.[26] There is also nothing in the Act preventing the jurisdiction of a state court although jurisdiction may be transferred to the appropriate Indian tribe.[27] Plaintiff's arguments to the contrary offered in favor of a declaratory judgment are unavailing.

## REPORT AND RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that this case be dismissed. Finding a lack of jurisdiction, it is also recommended that Defendant Nicolas Haney be dismissed even though he does not file a Motion seeking such relief. Ms. Amboh's remaining motion should be denied or deemed moot.

---

[24] 25 U.S.C. § 1303.

[25] 28 U.S.C. § 2254.

[26] 25 U.S.C. § 1922.

[27] *See id.*; 25 U.S.C. § 1903 (definitions).

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[28] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[29] Failure to object may constitute a waiver of the objections upon subsequent review.

DATED this 16 June 2025.

Dustin B. Pead
United States Magistrate Judge

---

28 *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

29 *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).