IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANDRA AMBOH,<br>　　　Plaintiff,<br><br>　v.<br><br>NICHOLAS HANEY, JEFFRY ROSS, and ERIN RAWLINGS<br><br>　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00868-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　Before the court is the Report and Recommendation issued in the above captioned case by Chief Magistrate Judge Dustin B. Pead.[1] The Report recommends the case be dismissed for lack of jurisdiction and for failure to state a claim.

　　　On November 19, 2024, Plaintiff filed the instant writ of habeas corpus and petition for declaratory judgment.[2] The writ argues that a state court's child protective was unlawful for several reasons.[3] On December 5, 2024, the Defendants filed a Motion to Dismiss.[4] Judge Pead issued his Report recommending dismissal on June 16, 2025.[5] Judge Pead advised Plaintiff of her right to object within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b).[6] Judge Pead further cautioned that "[f]ailure to object may constitute a waiver of the objections upon subsequent review."[7]

　　　Under DUCivR 72-3(f), "[u]ntil all relevant parties consent, a magistrate judge's

---

[1] Dkt. 28, *Report and Recommendation* (*Report*).

[2] Dkt. 1, *Application for Writ of Habeas Corpus and Petition for Declaratory Judgment*.

[3] *Id*.

[4] Dkt. 9, *Answer to Application for Writ of Habeas Corpus and Petition for Declaratory Judgment*.

[5] *Report*.

[6] *Report* at 7.

[7] *Id*.

assignment as presiding judge is a referral from the Chief Judge under 28 U.S.C. § 636(b)(1)(B)." Accordingly, the undersigned will evaluate the Report.

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition. When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[8] This court reviews for clear error any report and recommendation to which no objections have been raised.[9]

More than three weeks have now passed since the Report was filed and Plaintiff has not asserted any objections with the court. Accordingly, this court reviews the Report for clear error. Having carefully considered the Report, the court finds no clear error. Thus, the court ADOPTS the Report in full.[10]

---

[8] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[9] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[10] Dkt. 28.

## CONCLUSION

For the reasons set forth in the Report, Plaintiff's Writ is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED this 10th day of July 2025.

BY THE COURT:

_____

ROBERT J. SHELBY

Chief United States District Judge